NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

PEYTON FRITTON STORES, INC.,
Respondent.

No. 7793.

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1964.

Stephen B. Goldberg, Attorney, N. L. R. B. (Arnold Ordman, Gen. Counsel, and Dominick L. Manoli and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., on the brief), for petitioner.

William G. Haynes, of Lillard, Eidson, Lewis & Porter, Topeka, Kan. (O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., Peter F. Caldwell, William G. Haynes, Roscoe E. Long, R. Austin Northern and Brock R. Snyder, Topeka, Kan., on the brief), for respondent.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

This is a petition for summary enforcement of an order of the Board requiring the respondent to cease and desist from unfair labor practices and to take appropriate remedial action.[1] The

---

1. The respondent was found to have violated Section 8(a) (3) and (1) of the Act, 29 U.S.C. § 158(a) (3) and (1).

sole question presented is that of the Board's jurisdiction over the respondent.

The statutory jurisdiction of the Board extends to any person " * * * engaging in any unfair labor practice * * * affecting commerce," National Labor Relations Act, § 10(a), 29 U.S.C. § 160(a), as those terms are defined by § 2(6), (7) of the Act, 29 U.S.C. § 152(6), (7). To aid in the exercise of its broad statutory jurisdiction, the Board has adopted self-limiting jurisdictional standards whereby jurisdiction would be asserted "over all retail enterprises which fall within its statutory jurisdiction and which do a gross volume of business of at least $500,000 per annum." Carolina Supplies & Cement Co., etc., 122 N.L.R.B. 88, 89.

 As a general proposition, in the absence of extraordinary circumstances, objections not urged before the Board cannot be raised in the reviewing court. National Labor Relations Act, § 10(e), 29 U.S.C. § 160(e); N. L. R. B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739; Marshall Field & Co. v. N. L. R. B., 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744, rehearing denied 318 U.S. 802, 63 S.Ct. 849, 87 L.Ed. 1165. While the Board's statutory jurisdiction may be raised at any time, the facts upon which the Board determines it has jurisdiction may be challenged only upon timely exception, in the absence of which the Board's findings are not open to attack in the proceeding for enforcement. N. L. R. B. v. New Madrid Mfg. Co., 8 Cir., 215 F.2d 908; N. L. R. B. v. Pappas & Co., 9 Cir., 203 F.2d 569; N. L. R. B. v. Townsend, 9 Cir., 185 F.2d 378, cert. denied 341 U.S. 909, 71 S.Ct. 621, 95 L.Ed. 1346. See United States v. Wilson, 10 Cir., 78 F.2d 465.

The Board's complaint recited that "The Respondent's annual gross volume of business exceeds $250,000, of which goods, materials, and products valued in excess of $25,000 are received directly from sources outside of Kansas." During the course of a hearing before a trial examiner, the parties entered into a stipulation which stated in part that " * * * the Respondent purchased from suppliers outside the State of Kansas and received in the State of Kansas from points outside the state goods valued in excess of $50,000, that the Respondent raises no question about the jurisdiction of the Board. * * * " After the examiner's decision, the case was transferred to the Board, and respondent was notified that exceptions were due within 20 days. After one extension of time had been granted to file exceptions, respondent notified the Board that it elected not to file exceptions. No exceptions were ever filed.

Following adoption of the trial examiner's decision by the Board, respondent learned of the Board's self-limiting $500,000 jurisdictional factor and moved to set aside the decision and order on the ground the examiner erred in finding jurisdiction because the record did not show respondent's business to have been in excess of $500,000. The motion was denied as untimely.

 Respondent's reliance upon the lack of the $500,000 volume of business as constituting a jurisdictional bar is misplaced. The Board's statutory jurisdiction does not require any particular volume of business except as it may be limited by the maxim de minimis. N. L. R. B. v. Reliance Fuel Oil Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L.Ed.2d 279; N. L. R. B. v. Denver Bldg. & Constr. Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; N. L. R. B. v. Fainblatt, 306 U.S. 601, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014; Kingsbury Electric Cooperative, Inc. v. N. L. R. B., 8 Cir., 319 F.2d 387; N. L. R. B. v. Dallas City Packing Co., 5 Cir., 230 F.2d 708; N. L. R. B. v. New Madrid Mfg. Co., supra. No exceptions having been taken, and no extraordinary circumstances appearing which would excuse their absence, the facts upon which jurisdiction was found are not now subject to question.

The order will be enforced.