**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Patrick F. IZZI, d/b/a Pat Izzi Trucking Co., Respondent.**

**No. 6459.**

United States Court of Appeals First Circuit.

Submitted March 30, 1965.

Decided April 12, 1965.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Stephen B. Goldberg and Michael N. Sohn, Washington, D. C., Attys., N. L. R. B., on brief for petitioner.

Sidney A. Coven, Gordon & Leiter, Boston, Mass., and Richard C. Levin, Fall River, Mass., on brief for respondent.

Before ALDRICH, Chief Judge, and MARIS * and BURGER,* Circuit Judges.

ALDRICH, Chief Judge.

This is a petition for enforcement of an order of the National Labor Relations Board. The Board moves for summary judgment on the ground that there is no question open. Respondent's opposition is based upon the claim that his failure to file due and proper exceptions to the decision of the Examiner was due to ignorance and inexperience of counsel. The Board, following the receipt of late exceptions, and a lengthy explanation, has denied a motion for reconsideration and now presses for judgment.

A brief statement of the facts is in order. Respondent employer was found guilty of various unfair labor practices of a routine sort. Prior to the Examiner's decision his counsel withdrew and respondent employed new counsel. With the Examiner's report respondent was furnished a copy of the Board's rules specifying how he was to prepare and to prosecute his exceptions. In response to request the Board granted a three-weeks extension of time. General, blanket exceptions were filed within the extension period. These manifestly did not comply with the rules. The exceptions were stricken; respondent was notified, and on its own motion the Board granted a further extension. A second set of exceptions was thereafter filed, but in no substantial way any better than the first. These were also stricken and the Board then reviewed the Examiner's report, made its decision and prepared an order. At this stage new counsel was retained by respondent, who has since rigorously taken various steps in an attempt to retrieve the situation, including a proffer of exceptions in proper form. These the Board refused.

The Board's denial of the motion for reconsideration stated it to be "as lacking in merit." Since the motion argued both the reason for untimeliness and the validity of the proposed exceptions on the merits we asked for clarification of this phrase, and a brief. The Board now states its position to be that the respondent's excuses lack merit.

* By designation.

Section 10(e) of the Act, 29 U.S.C. § 160(e), providing that no matter may be reviewed that was not presented to the Board by way of exceptions is strictly construed. National Labor Relations Board v. Ochoa Fertilizer Corp., 1961, 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312. Without deciding how kindly the Board was obliged to treat the respondent, NLRB v. Central Mercedita, Inc., 1 Cir., 1959, 273 F.2d 370; NLRB v. Marshall Maintenance Corp., 3 Cir., 1963, 320 F.2d 641, certainly it was not required to do more than it did. Kiekhaefer Corp. v. NLRB, 7 Cir., 1960, 273 F.2d 314, cert. den. 362 U.S. 950, 80 S.Ct. 861, 4 L.Ed.2d 868; NLRB v. Mooney Aircraft, Inc., 5 Cir., 1962, 310 F.2d 565. There would be no end of Board matters if such patent disregard of the rules must be forgiven as matter of law simply because the respondent had been so ill advised as to retain inexperienced counsel. We hesitate to think where such a principle would lead to. We can recognize no basis for making the finality of the decision dependent upon a substantive review of competence of counsel, the more particularly when one warning has already been given. Respondent's protestations that this particular case should be revived in the interests of justice, with considerable, entirely uncalled-for, acerbity directed towards the Board, overlooks how justice in the large would suffer were laxness of this sort excusable as matter of law.

Nor, we might observe, will justice for individual litigants having good excuses be further generally if the Board must anticipate that, as respondent seeks to do here, every grant of grace in a particular case will put it on the defensive whenever some new applicant for grace is disappointed.

A decree will be entered enforcing the order of the Board.