**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**FERRARO'S BAKERY, INC., Respondent.**

**No. 16585.**

United States Court of Appeals
Sixth Circuit.

Nov. 18, 1965.

Richard S. Rodin, N. L. R. B., Washington, D. C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Michael N. Sohn, Attys., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Roy E. Browne, Akron, Ohio (Hershey, Browne, Wilson, Steel, Cook & Wolfe,

Akron, Ohio, on the brief), for respondent.

Before PHILLIPS and EDWARDS, Circuit Judges, and THORNTON,* District Judge.

HARRY PHILLIPS, Circuit Judge.

The National Labor Relations Board has petitioned for summary enforcement of its order issued against respondent on February 19, 1965.

Respondent failed to file exceptions to the initial decision of the trial examiner within the time prescribed by the rules of the Board, but submitted exceptions one week after the expiration of the time allowed therefor. Pursuant to 29 U.S.C. § 160(c),[1] the Board adopted the findings, conclusions and recommended order of the trial examiner.

The principal question presented here is whether there were "extraordinary circumstances" to excuse the late filing of the exceptions within the meaning of 29 U.S.C. § 160(e), which provides as follows: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

■ It is well established that a party who fails, in proceedings before the Board, to except in a timely or proper manner to a finding by the trial examiner, may not thereafter, in the absence of extraordinary circumstances, object to that finding before the Board or the reviewing court. N. L. R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312; N. L. R. B. v. Seven-Up Bottling Company, 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377; Marshall Field & Co. v. N. L. R. B., 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744; N. L. R. B. v. Richard W. Kaase Co., 346 F.2d 24, 28 (C.A.6); N. L. R. B. v. Tennessee Packers, Inc., 344 F.2d 948 (C.A.6).

■ As recently said by this court in N. L. R. B. v. Globe-Wernicke Systems Company, 336 F.2d 589–590 (C.A.6):

"In the absence of extraordinary circumstances the failure of respondent to file exceptions to the decision precludes it from attacking any of the unfair labor practice findings contained therein. 29 U.S.C. § 160 (c); N. L. R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 322, 82 S.Ct. 344, 7 L.Ed.2d 312."

Respondent contends that this case presents "extraordinary circumstances" within the meaning of the statute, in that its labor relations consultant[2] was pressed for time and confused this case with another Board case that he was handling.[3]

---

*Honorable Thomas P. Thornton, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. This statute provides that: "[I]f no exceptions are filed within twenty days after service thereof upon such parties, or within such further period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed."

2. This consultant was not a lawyer, but is shown to be a labor relations expert with twenty-five years of experience.

3. The affidavit of the consultant states that during the period that he was representing respondent in the present case he had four other cases in progress before the Board and that:

"The Trial Examiner issued his Intermediate Report in the Ferraro case December 17, 1964. Unfortunately, this report came while I was pressed for time because of the above litigation and the fact that I was moving my office and files from 416 Silk Court, Akron 19, Ohio. A brief to the Trial Examiner on Webb Mfg. Co. which I thought was due January 11, 1965, was actually due January 15, 1965, and the Ferraro's Bakery, Inc., which I thought was due January 15, 1965, was actually due January 11, 1965. Because of this I asked for an extension of Webb and proceeded with the Ferraro exceptions and Brief which was mailed in the morning of January 14, 1965, Special Delivery, Air Mail."

■ We find the weight of authority in other Circuits to be against respondent's contention that the facts of the present case constitute "extraordinary circumstances" within the meaning of the statute. In N. L. R. B. v. Izzi, 343 F.2d 753 (C.A.1), the court held that the failure of counsel to file proper exceptions due to his inexperience was no defense against a petition for summary enforcement. The court said:

"There would be no end of Board matters if such patent disregard of the rules must be forgiven as matter of law simply because the respondent had been so ill advised as to retain inexperienced counsel. We hesitate to think where such a principle would lead to. We can recognize no basis for making the finality of the decision dependent upon a substantive review of competence of counsel, the more particularly when one warning has already been given. Respondent's protestations that this particular case should be revived in the interests of justice, with considerable, entirely uncalled-for, acerbity directed towards the Board, overlooks how justice in the large would suffer were laxness of this sort excusable as matter of law." 343 F.2d at 755.

To like effect see N. L. R. B. v. Mooney Aircraft, Inc., 310 F.2d 565 (C.A.5), where the attorney relied upon timely oral exceptions, made by telephone, but failed to file written exceptions; and Kiekhaefer Corp. v. N. L. R. B., 273 F.2d 314 (C.A.7), cert. denied, 362 U.S. 950, 80 S.Ct. 861, 4 L.Ed.2d 868, where counsel did not mail the exceptions in Milwaukee, Wisconsin, until the day they were due to be filed with the Board in Washington, D. C.

This principle is not limited to labor board proceedings. In analogous situations, the failure of counsel to conform to procedural rules has been imputed to the client. See e. g. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; Johnson v. New York, N. H. & H. R. Co., 344 U.S. 48, 50, 73 S.Ct. 125, 97 L.Ed. 77; Hulson v. Atchison, Topeka and Santa Fe Ry. Co., 289 F.2d 726, 730 (C.A.7), cert. denied, 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36; Hill v. United States, 268 F.2d 203 (C.A.6), cert. denied, 361 U.S. 854, 80 S.Ct. 110, 4 L.Ed.2d 93; Deena Products Co. v. United Brick & Clay Workers of America, 195 F.2d 612 (C.A.6), cert. denied, 344 U.S. 822, 73 S.Ct. 21, 97 L.Ed. 640; Maghan v. Young, 80 U.S.App.D.C. 395, 154 F.2d 13.

It is only in cases of rare extenuating circumstances that the courts have waived the rules requiring the filing of exceptions within the time prescribed by the statute or extended by the Board; see, e. g. N. L. R. B. v. International Woodworkers of America, 238 F.2d 378 (C.A.9), where exceptions arrived in Washington on the date they were due, but were not delivered until three days later because of a severe snow storm which resulted in the closing of the Board's office; and N. L. R. B. v. Marshall Maintenance Corp., 320 F.2d 641 (C.A.3), where the exceptions were mailed in time to be delivered in Washington on the last day for filing, but were delayed one day due to a mail pickup that was earlier than scheduled. Extraordinary circumstances also were found in N. L. R. B. v. Goldblatt Bros., Inc., 286 F.2d 665 (C.A.7) where the court found that the Board had caused an unexplained delay of one and one-half years from which the respondent may have suffered; and N. L. R. B. v. Central Mercedita, Inc., 273 F.2d 370 (C.A.1) where the delay was due in part to a telephone and taxi strike in Puerto Rico. These latter cases are relied upon heavily by respondent, but it is our opinion that the facts of the present case do not present such extraordinary or extenuating circumstances.

In its answer and oral argument respondent contends that the Board had no jurisdiction to enter the order presented in this case and that enforcement should be denied because the Board has exceeded its statutory jurisdiction.

The Board concedes that the question of its statutory jurisdiction may be raised at any time despite failure to raise this issue before the Board in a timely fashion. Failure to file exceptions does not confer jurisdiction on the Board if the order is beyond the scope of its statutory authority. As said in N. L. R. B. v. Cheney California Lumber Company, 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739:

> "Since the court is ordering entry of a decree, it need not render such a decree if the Board has patently traveled outside the orbit of its authority so that there is, legally speaking, no order to enforce."

It is elementary that:

> "[W]ant of jurisdiction of the subject matter cannot be waived; that jurisdiction of the subject matter cannot be supplied by consent of the parties; and that objection to lack of such jurisdiction may be interposed or noticed at any stage of the action." 1A Barron and Holtzoff, Fed.Practice and Procedure, § 370 (Wright ed., 1960).

The trial examiner found as a fact that respondent's operations affect commerce within the meaning of the act and that "legal jurisdiction is supported not only by the respondent's direct inflow of more than $5000 annually, but also by the fact that it supplies four customers, each of whom has a direct inflow of more than $50,000 annually." Failure to file timely exceptions before the Board to these findings of fact bars respondent from challenging these findings in this court. N. L. R. B. v. Peyton Fritton Stores, Inc., 336 F.2d 769 (C.A. 10).

Respondent argues that the order is beyond the jurisdiction of the Board in that it requires that respondent cease and desist from maintaining in effect its franchise contracts and related truck purchase agreements with its driver-salesmen. This part of the order is based upon the examiner's finding that the franchise agreements did not create the relationship of independent contractor, and that the driver-salesmen continued to be employees of respondent and that the union remained their bargaining representative.

Although the act exempts independent contractors from the statutory definition of "employee," it was within the jurisdiction of the Board to make a factual determination as to whether respondent's driver-salesmen are employees or independent contractors. N. L. R. B. v. Lindsay Newspapers, Inc., 315 F.2d 709 (C.A.5); N. L. R. B. v. Phoenix Mutual Life Insurance Co., 167 F.2d 983 (C.A. 7), 6 A.L.R.2d 408, cert. denied, 335 U.S. 845, 69 S.Ct. 68, 93 L.Ed. 395. Cf. N. L. R. B. v. E. C. Atkins & Co., 331 U.S. 398, 67 S.Ct. 1265, 91 L.Ed. 1563. For the reasons hereinabove discussed, the failure of respondent to file timely exceptions before the Board bars respondent from challenging in this court the finding that the driver-salesmen are employees, not independent contractors.

Summary enforcement is granted.