ST. ANTHONY HOSPITAL
SYSTEMS, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

and

St. Anthony's Federation of Nurses and
Health Professionals, Intervenor.

No. 80–1968.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 14, 1981.

Decided Aug. 4, 1981.

Rehearing En Banc Granted
Jan. 4, 1982.

Earl K. Madsen, Golden, Colo. (Lawrence W. Marquess, Golden, Colo., with him on the brief), of Bradley, Campbell & Carney, Golden, Colo., for petitioner.

Charles P. Donnelly, Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and John G. Elligers, Atty., N. L. R. B., Washington, D. C., with him in the brief), for respondent.

Michael Radzilowsky, Chicago, Ill. (Lawrence A. Poltrock and Stephen G. Daday, Chicago, Ill., with him on the brief), of Dejong, Poltrock & Giampietro, Chicago, Ill., for intervenor.

* Honorable Earl E. O'Connor of the United States District Court for the District of Kansas, sitting by designation.

Before BARRETT and LOGAN, Circuit Judges, and O'CONNOR, District Judge *.

LOGAN, Circuit Judge.

St. Anthony Hospital Systems petitions for review of a decision and order of the National Labor Relations Board (NLRB or Board) finding the hospital engaged in unfair labor practices by refusing to bargain with St. Anthony's Federation of Nurses and Health Professionals/AFT/FNHP, CFT, AFL–CIO (the union). The only issues raised on appeal are whether the Board (1) unconstitutionally asserted jurisdiction over the hospital, which is argued to be exempt under the First Amendment from governmental regulation because it is owned and operated by the Roman Catholic Church, (2) erred in ruling that a unit composed only of registered nurses is an appropriate bargaining unit under section 9(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 159(b), and (3) erred in holding that individuals classified as Staff Nurse I were not supervisors within the meaning of section 2(11) of the NLRA, 29 U.S.C. § 152(11).

St. Anthony Hospital Systems (St. Anthony), consisting of a main or central building and a satellite facility, is a non-profit medical institution owned and operated by the Sisters of the Order of St. Francis, a Roman Catholic Order. In 1979 the union filed a representation petition with the NLRB, seeking certification as the exclusive bargaining representative of all nonsupervisory registered nurses employed by the hospital. Following a hearing at which St. Anthony unsuccessfully challenged the appropriateness of the requested bargaining unit, the Board's regional director issued a direction of election in the registered nurse unit. The Board denied St. Anthony's request for review. A majority of the eligible employees voted in favor of representation by the union, following which the director certified

the union as the exclusive collective bargaining representative for the hospital's professional registered nurse employees. St. Anthony has obtained judicial review of the unit determination by refusing to bargain with the union. *See Magnesium Casting Co. v. NLRB*, 401 U.S. 137, 139, 91 S.Ct. 599, 600, 27 L.Ed.2d 735 (1971); *Osteopathic Hosp. Founders Ass'n v. NLRB*, 618 F.2d 633, 640 (10th Cir. 1980). In its answer to the complaint issued by the General Counsel of the NLRB, St. Anthony claimed the Board's assertion of jurisdiction was unconstitutional on the ground that the hospital is a religious organization exempt from intrusive governmental regulation under the First Amendment. It also denied that the union was a proper labor organization under the NLRA, challenged the appropriateness of the unit determination, and objected to the inclusion of Staff Nurse I employees in the bargaining unit, claiming they were supervisors within the meaning of 29 U.S.C. § 152(11). The Board granted the General Counsel's *motion for summary judgment*, ordering St. Anthony to cease and desist from its unfair labor practices and directing it to bargain collectively with the union. The case is before this Court on St. Anthony's petition for review of the Board's order and the Board's application for enforcement. The union is present as intervenor.

 The record indicates that St. Anthony failed to object to jurisdiction during the representation proceeding and first asserted its First Amendment challenge to jurisdiction in the unfair labor practice proceedings before the Board. Apparently relying on section 102.67(f) of its Rules and Regulations, 29 C.F.R. § 102.67(f) (1980),[1] the Board determined St. Anthony was not entitled to litigate the constitutional issue which could have been, but was not, raised in the prior representation proceeding. In *NLRB v. Peyton Fritton Stores, Inc.*, 336

F.2d 769, 770 (10th Cir. 1964), we held that while the statutory jurisdiction of the Board may be challenged at any time, "the *facts* upon which the Board determines it has jurisdiction may be challenged only upon timely exception, in the absence of which the Board's findings are not open to attack in the proceeding for enforcement." (Emphasis added.) The Board's non-relitigation rule protects the integrity of the administrative process by requiring a party to develop all arguments and present all available, relevant evidence at the representation proceeding, the first instance in which the Board exercises jurisdiction. It would indeed be a waste of time, money, and effort if an employer could remain silent on this issue throughout the representation proceeding, refuse to bargain after certification, then ultimately defeat unionization on constitutional grounds asserted for the first time in the ensuing unfair labor practice proceeding. We affirm the Board's determination that the First Amendment issue, having been untimely raised, was not cognizable by the Board in the underlying unfair labor practice hearing. The issue is therefore not properly before this Court on St. Anthony's petition for review. *See Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162, 61 S.Ct. 908, 917, 85 L.Ed. 1251 (1941). *Cf. St. Elizabeth Community Hosp. v. NLRB*, 626 F.2d 123 (9th Cir. 1980) (First Amendment challenge to jurisdiction was timely only because raised in representation proceeding and not deferred until the enforcement proceedings).

 The issues concerning whether the nurses should be a separate bargaining unit and whether those classified as Nurse I were supervisors were raised before the Regional Director and the Board in the representation proceedings and may be reviewed here. *See Pittsburgh Plate Glass Co. v.*

---

1. 29 C.F.R. § 102.67(f) provides in pertinent part:

 "(f) ... Failure to request review shall preclude such parties from relitigating, in any related subsequent unfair labor practice proceeding, any issue which was, or could have been, raised in the representation proceeding.

 *Denial of a request for review shall constitute an affirmance of the regional director's action which shall also preclude relitigating any such issues in any related subsequent unfair labor practice proceeding."*
 (Emphasis added.)

*NLRB*, 313 U.S. 146, 154, 61 S.Ct. 908, 913, 85 L.Ed. 1251 (1941); *NLRB v. Jackson Farmers, Inc.*, 432 F.2d 1042 (10th. Cir. 1970), *cert. denied*, 401 U.S. 955, 91 S.Ct. 974, 28 L.Ed.2d 238 (1971). The Board has been granted broad discretion in determining appropriate bargaining units, and its decisions will be set aside only if shown to be arbitrary or capricious. *NLRB v. Dewey Portland Cement Co.*, 336 F.2d 117, 119 (10th Cir. 1964). Hence, it is our function on review to determine whether the Board, when exercising the wide discretion committed to it, has stayed within the purview of the authorizing statutes. *NLRB v. Groendyke*, 372 F.2d 137, 140 (10th Cir. 1967), *cert. denied*, 397 U.S. 935, 90 S.Ct. 944, 25 L.Ed.2d 116 (1970). In granting the General Counsel's motion for summary judgment and affirming the Regional Director's decision, the Board clearly seems to have accepted the director's reasoning, based on *Mercy Hospitals of Sacramento, Inc.*, 217 N.L.R.B. 765 (1975), and *Allegheny General Hospital*, 239 N.L.R.B. 872 (1978), "that a unit restricted to registered nurses is a presumptively appropriate one," and that in this case "the presumption . . . has not been overcome by the Employer's evidence." R.Vol. V at 3244. *See id.* at 3311. Acknowledging *NLRB v. St. Francis Hospital of Lynwood*, 601 F.2d 404 (9th Cir. 1979), the Regional Director and the Board applied a rebuttable presumption that the nurse unit was appropriate. Nevertheless, we believe the opinions clearly do not go far enough in following the congressional directive. *See* R.Vol. V at 3244–45, 3311–12.

█ On the appropriate unit issue, the case at bar is identical in all significant respects to *Presbyterian/St. Luke's Medical Center v. NLRB*, 653 F.2d 450 (10th Cir. 1981), in which we held the Board's application of the rebuttable presumption both impermissibly shifts the burden of persuasion and violates Congress' directive to avoid proliferation of bargaining units in the health care industry. Our holding in *Presbyterian/St. Luke's Medical Center* is fully applicable to this case. We hold the Board's unit determination, based on the presumption of appropriateness and a duty

in the employer to overcome it, improperly relieved the General Counsel of the burden to establish that an unfair labor practice occurred. Because our holding on this issue renders the Board's order unenforceable, we find it unnecessary to address St. Anthony's remaining contention that the Board improperly included Staff Nurse I employees in the bargaining unit.

The petition for review is granted. The cross-application for enforcement is denied. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.