691 F.2d 191
 111 L.R.R.M. (BNA) 2680, 95 Lab.Cas. P 13,815
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
FREDERICK MEMORIAL HOSPITAL, INC., Respondent.
Federation of Nurses and Health Professionals, AFT, AFL-CIO,
Amicus Curiae.
American Hospital Association, Amicus Curiae.
 No. 81-1672.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 4, 1982.
Decided Oct. 13, 1982.
 
 Vivian Miller, Washington, D.C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Christine Weiner, Washington, D.C., on brief), for petitioner.
 Michael Radzilowsky, Chicago, Ill. (Lawrence A. Poltrock, DeJong, Poltrock & Giampietro, Chicago, Ill., on brief), for amicus curiae Federation of Nurses and Health Professionals, AFT, AFL-CIO.
 Jeffrey P. Ayres, Baltimore, Md. (N. Peter Lareau, Venable, Baetjer & Howard, Baltimore, Md., on brief), for respondent.
 Before BUTZNER, HALL, and PHILLIPS, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 The sole issue raised by this petition for review is whether the National Labor Relations Board properly certified a bargaining unit composed of registered nurses at the Frederick Memorial Hospital. Overruling the hospital's objections to the unit, the Board issued a bargaining order.[1] We deny enforcement of the order because we conclude that the Board failed to give due consideration to the congressional directive cautioning against proliferation of bargaining units in the health care industry.
 
 
 2
 * The Federation of Nurses and Health Professionals, AFT, AFL-CIO, petitioned to be certified as the bargaining representative of the hospital's registered nurses. At the regional director's hearing on the petition, the hospital objected to the proposed unit, contending that it should encompass all of its professional employees, including 22 emergency room physicians, one respiratory therapist, two physical therapists, two dieticians, four pharmacists, one social worker, two nuclear medicine and two respiratory technicians.
 
 
 3
 The regional director rejected the hospital's request and defined the unit as:
 
 
 4
 All registered nurses employed by the (Hospital,) including home care nurses, staff development instructor nurses, utilization review nurses, infection surveillance nurses, oncology nurses and nursing graduates, but excluding all other employees, nursing director, assistant nursing director, nurse supervisors, home-care supervisor, head nurses, guards and supervisors as defined in the Act.
 
 
 5
 The Board denied the hospital's request for review. The Federation won the subsequent election by a vote of 103 to 41, and the regional director certified it as the exclusive bargaining representative of the registered nurses in the unit.
 
 
 6
 After the hospital refused to bargain, the general counsel issued a complaint and filed a motion for summary judgment. The hospital admitted its refusal and filed a cross-motion attacking certification on the grounds that the unit was inappropriate and results in undue proliferation of bargaining units. The Board fully reassessed the evidence presented to the regional director. It concluded that the registered nurses have a community of interest quite distinct from the other professionals employed by the hospital. It therefore upheld the regional director's designation of the unit and ordered the hospital to bargain with the union.
 
 II
 
 7
 If this were a traditional industrial dispute, the Board's ruling undoubtedly would be upheld in recognition of the broad discretion that § 9(b) of the Labor Act, 29 U.S.C. § 159(b), confers on the Board to determine appropriate bargaining units. See Packard Motor Car Co. v. NLRB, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). But the determination of appropriate units for hospitals requires consideration of an additional factor that is not applicable to industry in general.
 
 
 8
 When Congress amended the Labor Act to cover employees of non-profit health care institutions,[2] it expressed concern about the harm the public would suffer from multiple bargaining units in hospitals.[3] Recognizing that the Board should be permitted some flexibility in unit determinations,[4] Congress rejected a proposal to amend § 9 of the Act by limiting the numbers of bargaining units to four and specifying this composition.[5] Nevertheless, it emphasized its concern by stating:
 
 
 9
 Due consideration should be given by the Board to preventing proliferation of bargaining units in the health care industry.[6]
 
 
 10
 Senator Taft, a proponent of the amendments concerning employees of non-profit health care institutions, explained the importance of this admonition:
 
 
 11
 Certainly, every effort should be made to prevent a proliferation of bargaining units in the health care field and this was one of the central issues leading to agreement on this legislation. In this area there is a definite need for the Board to examine the public interest in determining appropriate bargaining units.[7]
 
 
 12
 Courts of appeals uniformly have denied enforcement to the Board's bargaining orders when the Board has failed to heed this congressional directive.[8]
 
 III
 
 13
 Neither the district director nor the Board addressed the question of proliferation when they considered the appropriateness of the registered nurses' unit at Frederick Memorial. Counsel for the Board seeks to remedy this omission by pointing out that the Board's decision and order is predicated on precedent established in Newton-Wellesley Hospital, 250 NLRB 409 (1980). There the Board dispelled the notion that it considered a unit of registered nurses to be per se appropriate. After reviewing the evidence, it ruled (1) that the registered nurses had a community of interest "sufficiently distinct from those of other employees to warrant the establishment of a separate unit," 250 NLRB at 411, and (2) that certification of the nurse's unit "serves the congressional admonition against unit proliferation." 250 NLRB at 415.
 
 
 14
 The difficulty with counsel's argument lies in the Board's recognition in Newton-Wellesley that a unit of registered nurses might not be appropriate in other hospitals. 250 NLRB at 415. In Frederick Memorial, the Board reiterated its disavowal that a registered nurses' unit was per se appropriate. 254 NLRB at 39 n. 12. Nevertheless, it did not address the question of unit proliferation, and thus its decision was based only on the community of interest test.
 
 
 15
 The Board may not depend solely on the traditional community of interest test when making a unit determination for health care institution employees. As other courts have held,[9] the Board must give due consideration to the congressional admonition against proliferation. Furthermore, a Board decision must clearly explain "the manner in which its unit determination ... implement(s) or reflect(s) that admonition ...." NLRB v. West Suburban Hospital, 570 F.2d 213, 216 (7th Cir. 1978). The Board cannot leave its explanation to implication or the argument of its counsel. NLRB v. Metropolitan Life Ins. Co., 380 U.S. 438, 443-44, 85 S.Ct. 1061, 1064, 13 L.Ed.2d 951 (1965).
 
 
 16
 A reviewing court, no less than the Board, is bound to give effect to the congressional admonition against proliferation. The court cannot in the first instance adjudicate whether certification of a unit is consistent with congressional intent. Nor can the court adequately review the Board's decision and order unless the Board clearly discloses why certification of the unit comports with the necessity of preventing proliferation. See FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 249, 92 S.Ct. 898, 907, 31 L.Ed.2d 170 (1972).
 
 IV
 
 17
 The hospital argues that the legislative history of the amendments pertaining to health care institutions establishes that only a unit composed of all the hospital's professional employees is appropriate. Acceptance of this argument, however, would deny the Board the flexibility in unit determination that Congress intended to preserve, and it would in effect implement a provision of the proposal Congress rejected.[10] Moreover, the validity of a unit composed of registered nurses is not foreclosed if the Board considers all relevant factors, including prevention of proliferation, in reaching its decision.[11]
 
 
 18
 The Board's petition for enforcement is denied, and the case is remanded for further proceedings consistent with this opinion.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 19
 As I cannot agree with the majority's conclusion that the NLRB did not consider the congressional directive against proliferation of bargaining units in the health care industry when it certified the unit composed of registered nurses at Frederick Memorial Hospital, I must dissent.
 
 
 20
 That the Board was fully aware of and guided by the legislative directive which sought to prevent proliferation of bargaining units in the health care industry is demonstrated by its reference to Newton-Wellesley Hospital, 250 NLRB No. 86 (1980). In Newton-Wellesley, the Board clearly discussed the congressional intent to prevent the formation of numerous small bargaining units within the health care industry. Furthermore, it established that a bargaining unit composed of registered nurses was justified because significant differences existed between nurses and other health care professionals. By citing this case, the Board indicated its awareness of the congressional directive, but, it determined, as in Newton-Wellesley, that other relevant factors justified the formation of a bargaining unit composed solely of registered nurses.
 
 
 21
 The factors which the Board found distinguished nurses at the Hospital from other health care professionals at that institution included:
 
 
 22
 1. nurses are entitled to more vacation;
 
 
 23
 2. nurses are not paid for overtime;
 
 
 24
 3. nurses experience substantial differences in working conditions;
 
 
 25
 4. only nurses see every patient every day;
 
 
 26
 5. the nursing department is autonomous in terms of policies and procedures;
 
 
 27
 6. only the nursing department is staffed 24 hours a day, with three shifts;
 
 
 28
 7. nurses do not have extensive contact with other professionals; and
 
 
 29
 8. nurses are primarily responsible for the maintenance of patient care. Based upon these factors, a separate bargaining unit for nurses is clearly warranted.
 
 
 30
 The majority cites several cases from other circuits to support its denial of the Board's order.[1] Notwithstanding the holding of each case, none of the courts found that Congress has legislated a different standard for review of NLRB orders regarding bargaining units in the health care industry. In each case, the court noted that the Board should examine the relevant facts, as well as consider the congressional nonproliferation directive. This is exactly what occurred in the instant case.
 
 
 31
 Moreover, as Senator Taft, co-sponsor of the 1974 amendment to the National Labor Relations Act, 29 U.S.C. § 152(14), which resulted in the nonproliferation directive, recognized, "the Board should be permitted some flexibility in union determination cases."[2] Similarly, Senator Williams stated that Congress did not "intend to preclude the Board from exercising its specialized experience and expert knowledge in determining appropriate bargaining units,"[3] but rather merely admonished it to refrain from undue proliferation of units in the health care industry. Consequently, it is clear that Congress had no intention of entirely restricting the Board's power in this area.
 
 
 32
 As the majority notes, the Supreme Court has held that the Board must explain the basis of its decision. This may be done "by reference to other decisions or its general policies ... so long as the basis of the Board's action, in whatever manner the Board chooses to formulate it, meets the criteria for judicial review." NLRB v. Metropolitan Life Ins. Co., 380 U.S. 438, 443, 85 S.Ct. 1061, 1064, 13 L.Ed.2d 951 (1965). In the instant case, the Board's decision reveals a thorough examination of the facts with due consideration given to the congressional admonition against proliferation, as evidenced by its reference to the prior decision of Newton-Wellesley. Nothing more is required.
 
 
 33
 Accordingly, I would enforce the Board's decision to establish a separate bargaining unit for registered nurses.
 
 
 
 [1]
 Frederick Memorial Hospital, Inc., 254 NLRB 36 (1981)
 
 
 [2]
 See National Labor Relations Act § 2(14); Pub.L.No. 93-360, § 1(a) (1974); 29 U.S.C. § 152(14)
 
 
 [3]
 Pertinent legislative history is thoroughly reviewed in NLRB v. St. Francis Hospital, 601 F.2d 404, 411-13 (9th Cir. 1979), and St. Vincent's Hospital v. NLRB, 567 F.2d 588, 589-91 (3d Cir. 1977)
 
 
 [4]
 See 120 Cong. Rec. 12,944-45 (1974) (remarks of Sen. Taft)
 
 
 [5]
 See S. 2292, 93d Cong., 1st Sess. (1973)
 
 
 [6]
 S.Rep.No. 766, 93d Cong., 2d Sess. 5 (1974), reprinted in 1974 U.S. Code Cong. & Ad.News 3946, 3950; H.R.Rep.No. 1051, 93d Cong., 2d Sess. 7 (1974), reprinted in 1974 U.S. Code Cong. & Ad.News 3950
 
 
 [7]
 120 Cong. Rec. 13,559 (1974)
 
 
 [8]
 Long Island Jewish-Hillside Medical Center v. NLRB, 685 F.2d 29 (2d Cir. 1982); NLRB v. HMO Int'l/California Medical Group Health Plan, Inc., 678 F.2d 806 (9th Cir. 1982); St. Anthony Hospital Systems v. NLRB, 655 F.2d 1028 (10th Cir. 1981); Beth Israel Hospital and Geriatric Center v. NLRB, 677 F.2d 1343 (10th Cir. 1981); Presbyterian St. Luke's Medical Center v. NLRB, 653 F.2d 450 (10th Cir. 1981); Allegheny General Hospital v. NLRB, 608 F.2d 965 (3d Cir. 1979); NLRB v. Mercy Hospital Ass'n, 606 F.2d 22 (2d Cir. 1979); NLRB v. St. Francis Hospital, 601 F.2d 404 (9th Cir. 1979); NLRB v. West Suburban Hospital, 570 F.2d 213 (7th Cir. 1978); St. Vincent's Hospital v. NLRB, 567 F.2d 588 (3d Cir. 1977)
 
 
 [9]
 See note 8, supra
 
 
 [10]
 See note 5, supra. One of the four units proposed in S. 2292 included all professional employees
 
 
 [11]
 NLRB v. HMO Int'l/California Medical Group Health Plan, Inc., 678 F.2d 806, 812 (9th Cir. 1982); NLRB v. St. Francis Hospital, 601 F.2d 404, 416 (9th Cir. 1979); cf. Long Island Jewish-Hillside Medical Center v. NLRB, 685 F.2d 29, 33-34 (2nd Cir. 1982)
 
 
 [1]
 See majority opinion, note 8, at 194
 
 
 [2]
 120 Cong. Rec. 12,944-45 (May 2, 1974)
 
 
 [3]
 120 Cong. Rec. 22,575 (July 10, 1974)