57 F.3d 1070
 149 L.R.R.M. (BNA) 3088
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
The OHIO BEEF CORPORATION, Respondent.
 No. 95-5430.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1995.
 
 National Labor Relations Board, No. 8-CA-26093.
 ORDER ENFORCED.
 Before: WELLFORD, NELSON, and RYAN, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its August 29, 1994, decision and order in Case No. 8-CA-26093 in which it found the respondent violated federal labor law by failing to bargain in good faith over the closing of a meatpacking plant. Although the respondent initially filed an answer to the charges filed by General Counsel, it withdrew that answer and did not participate further in the administrative proceedings. General Counsel moved for summary judgment which was granted by the Board in its decision and order of August 29, 1994. The Board ordered the respondent to meet with the union as to the effects of the closing, to honor the terms of the collective bargaining agreement, and to pay limited backpay to affected employees.
 
 
 2
 In response to the present application, the respondent denies any unfair labor practices, asserts there were extraordinary circumstances to excuse its failure to file an answer to the charges, and opposes summary enforcement. The Board has replied, insisting the respondent has advanced no reason to deny summary enforcement.
 
 
 3
 The statute governing judicial review of Board decision and orders provides, in pertinent part: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Under this statute, the failure of a party to filed an answer to charges filed by General Counsel or to file objections to the rulings of an administrative law judge normally results in summary enforcement of the Board's decision and order by this court. See, e.g., NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order); NLRB v. Zawadzki, 479 F.2d 1141 (6th Cir.1973) (per curiam order); NLRB v. Tennessee Packers, Inc., 344 F.2d 948 (6th Cir.1965) (per curiam).
 
 
 4
 As noted above, the failure of a party to raise an issue before the Board may be excused if the party can show extraordinary circumstances for that failure. Such circumstances only exist, however, "if there has been some occurrence or decision that prevented a matter which should have been presented to the Board from having been presented at the proper time." NLRB v. Allied Products Corp., 548 F.2d 644, 654 (6th Cir.1977). See also NLRB v. Ferraro's Bakery, Inc., 353 F.2d 366, 368 (6th Cir.1965) (the filing requirements of Sec. 160(e) are waived "only in cases of rare extenuating circumstances"). In this case, the respondent asserts that such circumstances exist, but it makes no effort to inform the court as to the nature of those circumstances or why they prevented the respondent from filing an answer with the Board.
 
 
 5
 Upon consideration, we conclude the respondent has failed to show extraordinary circumstances which would prevent this court from granting the Board's application for summary enforcement.
 
 
 6
 It therefore is ORDERED that the Board's decision and order in Case No. 8-CA-26093 is hereby enforced. The respondent, The Ohio Beef Corporation, Sandusky, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 7
 (a) Failing and refusing, since about January 12, 1994, to bargain collectively with the United Food and Commercial Workers Union, Local No. 626, AFL-CIO, CLC (the "Union"), about the effects on the unit employees of its decision to close the facility. The unit includes the following employees:
 
 
 8
 All inside employees handling meat and meat by-products, including lead persons, but excluding all office employees, truck drivers, supervisory forces, engineers, maintenance employees, janitors, barn men, security guards, or Company store employees and supervisors as defined in the National Labor Relation Act (the "Act").
 
 
 9
 (b) Failing and refusing, since about October 20, 1993, to bargain collectively with the Union by repudiating the terms of its collective bargaining agreement with the Union, effective by its terms from June 21, 1993, to November 8, 1997, by refusing to meet with the Union regarding grievances filed by the Union on October 20, 1993, concerning vacation pay, health and welfare matters, injury pay, and other compensation and benefits due employees pursuant to the respondent's closure of its facility.
 
 
 10
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 11
 (2) Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 12
 (a) On request, meet and bargain with the Union concerning the effects on the unit employees of the respondent's decision to close its facility.
 
 
 13
 (b) Honor the terms of the collective bargaining agreement with the Union, effective by its terms from June 21, 1993, to November 8, 1997, and meet with the Union regarding grievances filed by the Union on October 20, 1993, concerning vacation pay, health and welfare matters, injury pay, and other compensation and benefits due employees pursuant to the respondent's closure of its facility.
 
 
 14
 (c) Pay limited backpay to the unit employees in the manner set forth in the remedy section of the Board's decision and order.
 
 
 15
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 16
 (e) Sign copies of the attached notice marked "Appendix." Respondent shall mail an exact copy of the signed notice to all unit employees at their last known address and to the Union at its business address.
 
 
 17
 (f) Notify the Regional Director, in writing, within twenty (20) days from the date of this judgment, what steps the respondent has taken to comply.
 
 
 18
 By approving this order, Judge Wellford is not holding that benefits and compensation are necessarily "due" to any former employees of respondent, only that said respondent may be liable for such benefits and compensation proven to be payable to any particular former employee.