107 F.3d 12
 155 L.R.R.M. (BNA) 2064
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SOUTHERN INTERIORS, INC.; Service Art, Inc.; Tri-County
Installations, Inc., Respondents.
 No. 96-5474.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: MERRITT, CONTIE, and BOGGS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its October 20, 1995 decision and order in Case No. 7-CA-37262 in which it found (1) that the respondents constituted a single integrated business enterprise and a single employer, and (2) that the respondents committed unfair labor practices by failing to recognize and bargain with the union at certain job sites, failing to make all fringe benefit reports and contributions required under a collective bargaining agreement, and failing to permit the union to conduct an audit of their books. The respondents filed a response to the application, asserting that the Board's findings are not supported by the record, that their failure to file an answer to the charges against them is excused by extraordinary circumstances, and that they have substantially complied with the Board's decision and order. The respondents also move to adduce additional evidence supporting the above assertions. The Board has filed a reply in support of its application.
 
 
 2
 Charges were filed against the respondents in a complaint filed on July 12, 1995. The respondents failed to file an answer to the charges and General Counsel filed a motion for default judgment before the Board. Again, the respondents failed to respond to that motion and the Board granted default judgment in its decision and order of October 20, 1995. After concluding the respondents did not comply with its order, the Board applied to this court for summary enforcement.
 
 
 3
 The court's jurisdiction to review final orders of the NLRB is set forth in 29 U.S.C. § 160(e) which provides, in pertinent part: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." This court has invoked this provision to bar judicial review of issues or claims not presented to the Board. See, e.g., NLRB v. Tri-State Warehouse & Distributing, Inc., 677 F.2d 31 (6th Cir.1982) (order) (failure to file objections to decision of administrative law judge); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177 (6th Cir.1979) (order) (same); NLRB v. Tennessee Packers, Inc., 344 F.2d 948 (6th Cir.1965) (per curiam).
 
 
 4
 The respondents seek to avoid the effect of the above caselaw by asserting their failure to file an answer to the unfair labor charges is excused by extraordinary circumstances. This court, however, has held that extraordinary circumstances exist, for purposes of § 160(e) "only if there has been some occurrence or decision that prevented a matter which should have been presented to the Board from having been presented at the proper time." NLRB v. Allied Products Corp., 548 F.2d 644, 654 (6th Cir.1977). This court has also stated that the filing requirements of § 160(e) are waived "only in cases of rare extenuating circumstances...." NLRB v. Ferraro's Bakery, Inc., 353 F.2d 366, 368 (6th Cir.1965).
 
 
 5
 The respondents assert their legal counsel was absent from his office at the time an answer was due to the charges because of his service as an arbitrator in a Pennsylvania case. They also assert that A.C. Ricca (the owner and president of each respondent) was suffering from "undiagnosed advanced uncontrolled Type II Diabetes Mellitus" at the time an answer was due and that the "typical symptoms of fatigue, dizziness, vision impairment, and dulled concentration ... allowed the period for objections to the Board's charges to elapse." The Board includes documents with its application, however, showing that Ricca was aware of the pending charges, forwarded the documents to counsel, and contacted local Board agents about counsel's absence. Despite being informed that an extension of time to answer could be sought, however, no written answer or request for an extension of time was forwarded to the Board. The fact that counsel later had compliance discussions with the Board also suggests that the respondents had legal representation throughout this time period. We conclude the respondents' assertions, which indicate mere oversight or negligence, rather than inability, as the cause for their failure to file an answer to the charges, do not constitute exceptional circumstances for purposes of § 160(e). See NLRB v. Farraro's Bakery, supra (fact that labor consultant confused two cases did not excuse untimely answer to charges); NLRB v. Good Foods Mfg. & Processing Corp., 492 F.2d 1302, 1305 (7th Cir.1974) (counsel busy with other legal problems); NLRB v. Local Union No. 74, 471 F.2d 43, 45-46 (7th Cir.1973) (counsel unfamiliar with Board procedures); NLRB v. Izzi, 343 F.2d 753, 754-55 (1st Cir.1965) (ignorance and inexperience of counsel).
 
 
 6
 The respondents also move for leave to adduce additional evidence (1) showing the existence and nature of Ricca's illness, and (2) supporting their claim that they have substantially complied with the directives of the Board's decision and order. Section 160(e) permits additional evidence to be made a part of the record if, upon application of a party, it is shown "to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency...." See also NLRB v. West Kentucky Coal Co., 152 F.2d 198, 201 (6th Cir.1945), cert. denied, 328 U.S. 866 (1946). A decision to grant or deny a motion to adduce additional evidence under § 160(e) is within the sound discretion of the court. Southport Petroleum Co. v. NLRB, 315 U.S. 100, 104 (1942).
 
 
 7
 We conclude the respondents' proposed evidence does not meet the above test. As previously noted, Ricca's physical condition at the time of the charges is irrelevant for purposes of establishing extraordinary circumstances. Because compliance with a Board order is not a defense to judicial enforcement, see NLRB v. Mexia Textile Mills, Inc., 339 U.S. 563, 567 (1950); NLRB v. Edgar Spring, Inc., 800 F.2d 595, 598 (6th Cir.1986), evidence of partial compliance would not be relevant for purposes of § 160(e). See Mexia Textile Mills, supra, 339 U.S. at 569; NLRB v. Bradley Washfountain Co., 188 F.2d 357, 358 (7th Cir.1951) (per curiam).
 
 
 8
 It therefore is ORDERED that the motion to adduce additional evidence is denied.
 
 
 9
 It is further ORDERED that the Board's decision and order in Case No. 7-CA-37262 is hereby enforced. The respondents Southern Interiors, Inc., Service Art, Inc., and Tri-County Installations, Inc., their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 10
 (a) Refusing to recognize and bargain with Local 67, Operative Plasterers' and Cement Masons International Association of the United States and Canada, AFL-CIO, CLC (the "Union"), as the limited exclusive collective bargaining representative of the unit at certain of the respondents' job sites, most particularly those going under the name of respondent Tri-County. The unit is:
 
 
 11
 All journeymen and apprentice plasterers employed by the respondent at or out of its Detroit facility in commercial, residential or shop work, but excluding office clerical employees, guards, and supervisors as defined in the National Labor Relations Act (the "Act").
 
 
 12
 (b) Failing to make monthly fringe benefit reports and contributions on behalf of its unit employees as required by article 5, section 5, of the collective bargaining agreement with the Union which is effective for the period from June 1, 1994 to May 31, 1997.
 
 
 13
 (c) Failing to permit an audit by the Union of the books of Tri-County Installations, Inc. and Service Art, Inc. as required by article 5, section 5(J), of the collective bargaining agreement.
 
 
 14
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 15
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 16
 (a) On request, bargain with the Union as the limited exclusive collective bargaining representative of the unit, including unit employees at the Tri-County job sites.
 
 
 17
 (b) Apply the current contract retroactively for all the respondents' job sites, and make whole its employees and the benefit funds in the manner set forth in the remedy section of the Board's decision and order.
 
 
 18
 (c) Comply with the collective bargaining agreement by making all monthly fringe benefit reports and contributions as required by article 5, section 5, of the collective bargaining agreement and make whole its unit employees by reimbursing them for any expenses ensuing from its failure to make the required contributions as set forth in the remedy section of the Board's decision and order.
 
 
 19
 (d) Permit an audit by the Union of the books of respondents Tri-County and Service Art as required by article 5, section 5(J), of the collective bargaining agreement.
 
 
 20
 (e) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 21
 (f) Post at its facility in Detroit, Michigan copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 22
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 23
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 24
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 25
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 26
 WE WILL NOT refuse to recognize and bargain with Local 67, Operative Plasterers' and Cement Masons International Association of the United States and Canada, AFL-CIO, CLC, as the limited exclusive collective-bargaining representative of the unit at certain of our jobsites, most particularly those going under the name of Tri-County. The unit is:
 
 
 27
 All journeymen and apprentice plasterers employed by us at or out of our Detroit facility in commercial, residential or shop work, but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 28
 WE WILL NOT fail to make monthly fringe benefit reports and contributions on behalf of our unit employees as required by article 5, section 5, of the collective-bargaining agreement with the Union which is effective for the period from June 1, 1994, to May 31, 1997.
 
 
 29
 WE WILL NOT fail to permit an audit by the Union of the books of Tri-County Installations, Inc. and Service Art, Inc., as required by article 5, section 5(J), of the collective-bargaining agreement.
 
 
 30
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 31
 WE WILL, on request, bargain with the Union as the limited exclusive collective-bargaining representative of the unit, including unit employees at the Tri-County jobsites.
 
 
 32
 WE WILL apply the current contract retroactively to all of our jobsites, and WE WILL make whole our employees and the benefit funds.
 
 
 33
 WE WILL comply with the collective-bargaining agreement by making all monthly fringe benefits reports and contributions as required by article 5, section 5(J), of the collective-bargaining agreement and WE WILL make whole our unit employees by reimbursing them for any expenses ensuing from our failure to make the required contributions.
 
 
 34
 WE WILL permit an audit by the Union of the books of Tri-County Installations, Inc. and Service Art, Inc. as required by article 5, section 5(J), of the collective-bargaining agreement.
 
 
 35
 SOUTHERN INTERIORS, INC., SERVICE ART, INC., AND TRI-COUNTY INSTALLATIONS, INC.