**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**REXALL CHEMICAL COMPANY, a Division of Rexall Drug and Chemical Company, Respondent.**

**No. 6755.**

United States Court of Appeals First Circuit.

Jan. 9, 1967.

**364**

Allison W. Brown, Jr., Washington, D. C., Attorney, with whom Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel, Mallet-Prevost, Asst. General Counsel, and Glen M. Bendixsen and Karen W. Ferguson, Attorneys, were on brief, for petitioner.

Raymond W. Murray, Jr., Syracuse, N. Y., with whom Herschel A. Phillips, Jack G. Hall, Los Angeles, Cal., and Bond, Schoeneck & King, Syracuse, N. Y., were on brief, for respondent.

ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and McENTEE, Circuit Judge.

WOODBURY, Senior Circuit Judge.

On March 3 and 4, 1965, the International Union of Electrical, Radio & Machine Workers, AFL-CIO, handily won a consent election held pursuant to § 102.62 (b) of the Board's Rules and Regulations at the Respondent's plant in Holyoke, Massachusetts. The Respondent filed timely objections to conduct alleged to have affected the outcome of the election, and the Regional Director of the Board's First Region investigated the objections pursuant to § 102.69 of the Board's Rules and Regulations to be considered presently. The Regional Director found the Respondent's objections to be without merit and recommended that they be overruled in their entirety and so reported in writing to the Board and to the Respondent. The Respondent did not file exceptions to this report. A duly constituted three-member panel of the Board, noting that no exceptions had been filed to the Regional Director's report within the time provided therefor, summarily adopted the report and recommendations and certified the Union as the bargaining representative of the employee unit involved.

The Respondent refused to bargain with the Union and General Counsel for the Board filed a complaint charging the Respondent with unfair labor practices in violation of § 8(a) (1) and (5) of the Act. The Respondent answered admitting some and denying other allegations in the complaint, and counsel for the General Counsel then moved for judgment on the pleadings. The Board referred the motion to a trial examiner who issued an order on the Respondent to show cause why the motion should not be granted and to submit a summary of any evidence newly discovered or not available at the time of the representation proceeding. At a hearing on the order to show cause the Respondent conceded that it had no additional evidence but nevertheless asked for a hearing. The trial examiner found that since admittedly no newly discovered or previously unavailable evidence would be offered, no triable issue existed and granted General Counsel's motion for judgment on the pleadings. The Respondent filed exceptions to the trial examiner's decision, but a three-member panel of the Board brushed them aside, summarily affirmed the trial examiner and entered the cease and desist order which it asks us to enforce.

■ The Respondent refused to comply with the Board's bargaining order on the ground that the Union had engaged in objectionable pre-election conduct, specifically, waiver of initiation fees, coercion of employees and electioneering at or near the polling place, and also on the further ground that the Board had erred in refusing to grant it a hearing on the merits of its objections

* Sitting by designation.

to the conduct of the election. We think judicial review of the Respondent's grounds for refusing to bargain with the Union is precluded by its failure to exhaust an available administrative remedy.

Section 102.69(c) and (e) of the Rules and Regulations of the National Labor Relations Board, Series 8, as amended, provides insofar as here material as follows:

"(c) If objections are filed to the conduct of the election or conduct affecting the result of the election, * * * the regional director shall investigate such objections * * *. If a consent election has been held pursuant to § 102.62(b), the regional director shall prepare and cause to be served on the parties a report on * * * objections, * * * including his recommendations, which report, * * * he shall forward to the Board in Washington, D. C. Within 10 days from the date of issuance of the report on * * * objections, * * * or within such further period as the Board may allow upon written request to the Board for an extension received not later than 3 days before such exceptions are due in Washington, D. C., with copies of such request served on the other parties, any party may file with the Board in Washington, D. C., eight copies of exceptions to such report, * * *. Immediately upon the filing of such exceptions, the party filing the same shall serve a copy thereof on the other parties and shall file a copy with the regional director. * * * If no exceptions are filed to such report, the Board, upon the expiration of the period for filing such exceptions, may decide the matter forthwith upon the record or may make other disposition of the case. * * * [T]he [report of the] regional director may be on the basis of an administrative investigation or, if it appears to the regional director that substantial and material factual issues exist which can be resolved only after a hearing, on the basis of a hear-

ing before a hearing officer, designated by the regional director. * * *
* * * * * *

"(e) (1) In a case involving a consent election held pursuant to § 102.62(b), if exceptions are filed, * * * to the report on * * * objections, * * * and it appears to the Board that such exceptions do not raise substantial and material issues with respect to the conduct * * * of the election, the Board may decide the matter forthwith upon the record, or may make other disposition of the case. If it appears to the Board that such exceptions raise substantial and material factual issues, the Board may direct the regional director or other agent of the Board to issue and cause to be served on the parties a notice of hearing on said exceptions before a hearing officer. * * *"

█ Clearly under (c) of the above Rule the Respondent had an opportunity to file exceptions with the Board to the Regional Director's report on its objections with respect to the conduct of the election. And had it done so, the Board under (e) might have granted the Respondent a hearing. We think the Respondent lost its opportunity for judicial review of its contentions by failing to avail itself of the administrative remedy afforded by the Rule.

Section 10(e) of the Act provides: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." This provision has been consistently applied in a great many cases wherein an issue was litigated before a trial examiner in an unfair labor practice proceeding but not renewed before the Board by timely exception. But so far as we know it has not been applied in the situation presented by the case at bar. We need not, however, decide whether the statute applies, for the doctrine of exhaustion of administrative remedies does not rest exclusively upon some statutory provision. It is

a long and well established general rule of law resting upon considerations of fairness and orderly procedure. The Court pointed this out in United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 36, 37, 73 S.Ct. 67, 68–69, 97 L. Ed. 54 (1952), wherein it said: "We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts," and then added: "Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

Timely objection to asserted error is a basic requirement in judicial as well as in administrative proceedings in that it gives opposing counsel warning of possible trouble ahead and permits avoidance of the objection by a change in position. And it also permits correction of an error by the trial judge or hearing officer on the spot and not perhaps months later on review. It also may prevent delay.

We are not made aware of any reason why the Respondent could not have called the Board's attention to its dissatisfaction with the Regional Director's report on its objections to the conduct of the election by filing timely exceptions to the report with the Board as the Board's Rule permits. And had the Respondent done so, the Board might have granted a hearing on the Respondent's objections to the conduct of the election and the delay which has ensued would have been avoided. The Respondent's failure to file exceptions to the Regional Director's report may well have induced the Board to assume that the Respondent did not care to press its objections to the conduct of the election any further.

We see no reason for not applying the general rule requiring exhaustion of administrative remedies in the case at bar.

A decree will be entered enforcing the order of the Board.