**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOUISIANA INDUSTRIES, INC., and Louisiana Lightweight Aggregate Company, a Division of Texas Industries, Respondent.**

No. 26983.

United States Court of Appeals
Fifth Circuit.

July 2, 1969.

Marcel Mallet-Prevost, Asst. General Counsel, N. L. R. B., Washington, D. C., John F. LeBus, Director, Region 15, N. L. R. B., New Orleans, La., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Nancy M. Sherman, Alice Andrews, Attys., National Labor Relations Board, for petitioner.

George C. Dunlap, Blanchette, Smith & Shelton, Dallas, Tex., for respondent.

Before WISDOM, MORGAN, Circuit Judges, and DAVIS *, Court of Claims Judge.

PER CURIAM:

This case is before this Court on the petition of the National Labor Relations Board pursuant to 29 U.S.C. Sec. 151 et seq.,[1] for enforcement of its order issued against respondent, Louisiana Industries, Inc., and Louisiana Lightweight Aggregate Company, a Division of Texas Industries, Inc., on April 10, 1968. The two facilities exist side by side and admittedly constitute a single employer. The Company's production and maintenance employees were represented by the Construction and General Laborer's Local Number 1229. The Laborers had negotiated a contract with the Company in August, 1965, that was to govern terms of employment through August 17, 1967. This contract contained an automatic renewal clause which reads in substance that unless either party gave notice to the contrary within the sixty days prior to expiration, the contract automatically became binding for another year.

A memorandum dated August 17, 1967, and signed by the Laborers and the Com-

---

* Judge Oscar H. Davis, U. S. Court of Claims, Washington, D. C., sitting by designation.

1. Section 10(e) of the National Labor Relations Act.

pany agreed to continue the 1965 contract in effect while negotiating new terms, and to post-date the new agreement to August 17, 1967. On August 18th, the Truck Drivers and Helpers Local No. 568, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Inc., filed a petition with the Board, seeking certification as representative of the employees in the Laborers unit; and on August 21st, the Laborers and the Company agreed on a new contract which was, by its terms, executed on August 17th.

The Regional Director, after a representation hearing, determined that the recently signed contract between the Company and Laborers did not bar an election in that the contract was not signed until August 21st and the contract contained an improper grace period.[2] Neither the Company nor the Laborers appealed the decision to the Board. The election was won by the Teamsters; however, the Company refused to bargain with the Teamsters. In January, 1968, the Regional Director filed a § 8(a) (5) complaint against the Company; and the Company again asserted that the contract dated August 17, 1967, barred the subsequent election. The Board granted summary judgment noting that the old grounds could not be raised.

A reading of the case law allows no other conclusion but to affirm the Board's judgment. The employer's failure to appeal the ruling of the Regional Director prior to an election was a waiver of this point, and he may not raise the same issue as a defense to an unfair labor practice charge arising from his refusal to bargain with the successful union. N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 335 F.2d 245 (5 Cir., 1964); N. L. R. B. v. Rexall Chemical Co., 370 F.2d 363 (1 Cir., 1967); N. L. R. B. v. Thompson Transport Co., 406 F.2d 698, 701–702 (10 Cir., 1969). The prior contract cannot be considered a bar

to the election. The remaining issue raised is rendered moot by our above determinations.

The order is enforced.

2. The contract also required that all employees join the Union within fifteen days after entering the unit or be discharged by the Company.