NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

ROD-RIC CORPORATION, Respondent.

No. 27942.

United States Court of Appeals, Fifth Circuit.

June 16, 1970.

Rehearing Denied Aug. 25, 1970.

West Texas known as the Permian Basin. Rod-Ric owns three drill rigs. When in operation, each rig requires three complete crews to permit around-the-clock operation. A crew is composed of a driller and three helpers or "roughnecks." A driller has the responsibility for hiring and maintaining his own crew of roughnecks. Rod-Ric's organization and activities are, in many respects, similar to those discussed in N. L. R. B. v. Hondo Drilling Co.,[2] though Rod-Ric contends that the nature of its business affords roughnecks a greater opportunity for continuous employment than is the case with other Permian Basin drilling companies.

Pursuant to the Union's petition for an election, the Regional Director held a hearing in which both the Union and the company participated. Following the hearing, the Regional Director issued his Decision and Direction of Election. He determined that an appropriate bargaining unit would include:

> All employees of the Employer engaged in oil well drilling, Midland and Odessa, Texas, including truckdrivers, but excluding office clerical employees, professional employees, watchmen, drillers, tool pushers, and supervisors as defined in the Act.

The Regional Director also adopted a voter eligibility formula patterned after that employed by the Board in two prior representation proceedings involving Permian Basin drilling companies.[3] In addition to employees whose names appeared on the last payroll list prior to the Notice of Election, the formula enfranchised those who had been employed by Rod-Ric for a minimum of 10 days during the 90-day period preceding the Regional Director's decision and who had not been terminated for cause or quit voluntarily prior to the completion of the last job for which they had been employed. Rod-Ric did not seek Board review of these

Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., N.L.R.B., Washington, D. C., Elmer P. Davis, Director, Region 16, N.L.R.B., Fort Worth, Tex., for petitioner.

Brooks L. Harman, Joseph Connally, Odessa, Tex., for respondent.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

GEWIN, Circuit Judge:

This case arises on the application of the National Labor Relations Board for enforcement of an order issued against Rod-Ric Corporation. The Board found that Rod-Ric had violated §§ 8(a) (5) and (1) of the National Labor Relations Act[1] by refusing to bargain with Local 826, International Union of Operating Engineers (the Union), the certified representative of a unit of Rod-Ric employees. Rod-Ric seeks to justify its refusal to bargain on the grounds that the Union was improperly certified. We enforce the Board's Order.

Rod-Ric, a Texas corporation, is engaged in the business of oil well drilling in the area of Eastern New Mexico and

---

1. 29 U.S.C. §§ 158(a) (5), (a) (1).

2. 428 F.2d 943 (5th Cir. 1970) [No. 27943] decided this date.

3. Hondo Drilling Co., 164 NLRB No. 67 (1967); Carl B. King Drilling Co., 164 NLRB No. 68 (1967).

determinations by the Regional Director.[4]

The criteria adopted by the Regional Director rendered approximately 40 roughnecks eligible to vote. In a secret ballot election, the Union won by a vote of 14 to 5 with 6 challenged ballots. Rod-Ric filed eighteen objections to the election which were overruled by the Regional Director in his Supplemental Decision and Certification. Rod-Ric only took exception and sought Board review of the Regional Director's action in overruling two of its objections regarding: (1) the failure of the Union to supply the company with a list of names and addresses of eligible employees, and (2) the applicability of the *Hondo* election formula.

Following certification, Rod-Ric refused the Union's request for bargaining information, expressing an intention to contest the validity of the certification.[5] The Union then filed the unfair labor practice charges here involved. The Trial Examiner granted judgment on the pleadings for the General Counsel finding a violation of §§ 8(a)(5) and (1) of the Act. In affirming the Trial Examiner, the Board found that Rod-Ric had waived all but two of its eighteen original objections to the conduct of the election by failing to except to the Regional Director's overruling of them in his Supplemental Decision and Certification. It further found that Rod-Ric's objection to the application of the *Hondo* eligibility principle had been resolved by the Regional Director in his Decision and Direction of Election to which the company took no exception. Consequently, the Board held the company was precluded from asserting this ground as a defense to the unfair labor practice charge. It found Rod-Ric's argument for extension of the *Excelsior* rule to Unions without merit.

I

■ Rod-Ric makes two arguments regarding the eligibility formula employed in the election: (1) Its original promulgation, in the *Hondo Drilling Co.*[6] representation proceeding, contravened the Administrative Procedures Act;[7] and (2) it was improperly applied in the present situation. We agree with the Board's contention that neither objection is properly before this court due to the company's failure to take pre-election exception to the eligibility determination. In our recent decision in N. L. R. B. v. Louisiana Industries, Inc.[8] this court stated:

> The employer's failure to appeal the ruling of the Regional Director prior to an election was a waiver of this point, and he may not raise the same issue as a defense to an unfair labor practice charge arising from his refusal to bargain with the successful union. N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 335 F.2d 245 (5 Cir., 1964); N. L. R. B. v. Rexall Chemical Co., 370 F.2d 363 (1 Cir., 1967); N. L. R. B. v. Thompson Transport Co., 406 F.2d 698, 701–702 (10 Cir., 1969).

4. Such a request for board review was available under Section 102.67(b) of the Board's Rules and Regulations 29 C.F.R. 102.67(b) (1970).

5. Before the Board, Rod-Ric contended that the refusal to furnish the information was not a refusal to bargain, though it conceded "it would have refused to bargain if requested because the election was invalid." The Board rejected this contention, and it has apparently been abandoned by the Company.

6. 164 NLRB No. 67 (1967), enforced, 428 F.2d 943 (5th Cir. 1970) [No. 27943].

7. 5 U.S.C. § 553. *See* N.L.R.B. v. Wyman-Gordon Co., 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969).

8. 414 F.2d 227, 228 (5th Cir. 1969). In that case the Company contended that a contract between itself and an incumbent union was a bar to the election in which a new union prevailed, despite the fact that neither the Company nor the incumbent union had appealed the Regional Director's determination that it was not.

On the authority of Board of Public Instruction of Taylor County v. Finch,[9] Rod-Ric contends that the above principle does not bar appellate consideration of its objections to the eligibility formula. There, this court began its consideration of the present question with a statement of the general rule:

> "that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." United States v. L. A. Trucker Truck Lines, Inc., 1952, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54, 58.[10]

We noted, however, that the rule was not without exception and concluded that review was appropriate in that case since HEW's action was:

> (1) in excess of statutory authority,
>
> (2) likely to result in individual injustice, (3) disruptive of the legislative scheme, and (4) contrary to an important public policy extending beyond the rights of the individual litigants.[11]

Of course, the application of the above mentioned criteria requires that the issues which the litigant seeks to raise initially before the Court of Appeals be meritorious. While Rod-Ric's contention that the Hondo rule was adopted in violation of the Administrative Procedures Act alleges the sort of adminis-

trative outlawry at which the *Board of Public Instruction* exceptions are directed, the question has been foreclosed on the merits by our decision on this date in N. L. R. B. v. Hondo Drilling Co.[12]

By contrast, the allegation that the *Hondo* formula was factually unsuited to the present situation merely challenges the exercise of the Board's broad discretion in a question of representation.[13] We conclude that this contention is wholly outside the principles followed in *Board of Public Instruction.*

## II

Prior to the Rod-Ric election, the Regional Director requested the Union to furnish eligibility list information. The Union replied that it did not have such information, but would forward it "as quickly as it was received." The information was never supplied, and Rod-Ric contends that the election must be set aside on the authority of *Excelsior Underwear, Inc.*[14] As we noted in N. L. R. B. v. Hondo Drilling Co.,[15] the *Excelsior* rule does not apply to unions. Rod-Ric was, in effect, asking the Board to expand the rule. The Board found that the Union did not have the requested information and concluded that the argument for an extension of the rule was without merit.

The order of the Board is enforced.

9. 414 F.2d 1068 (5th Cir. 1969). Here review was sought of an order of the Secretary of HEW terminating funds under the Civil Rights Act of 1964. HEW contended that the petitioner's arguments were not before the Court of Appeals since they had not been presented in the administrative proceedings.

10. 414 F.2d at 1072.

11. 414 F.2d at 1073 (citations omitted).

12. 428 F.2d 943 (5th Cir. 1970) [No. 27943].

13. *Cf.* N.L.R.B. v. Zelrich Co., 344 F.2d 1011, 1015 (5th Cir. 1965); Neuhoff Bros., Packers, Inc. v. N.L.R.B., 362 F.2d 611, 614 (5th Cir.), cert. denied, 386 U.S. 956, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1966).

14. 156 NLRB 1236 (1966).

15. 428 F.2d 943 (5th Cir. 1970) [No. 27943] (Section II).