**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL HEALTH CARE, INC., Respondent.**

No. 89–5158.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1990.

Decided March 21, 1990.

---

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, John Burgoyne (argued), N.L.R.B. Office of the General Counsel, Washington, D.C., Bernard Gottfried, Regional Director, N.L.R.B., Patrick V. McNamara, Detroit, Mich., for petitioner.

Donna R. Nuyen (argued), Keller, Thomas, Schwarze, Schwarze, DuBay & Katz, Detroit, Mich., for respondent.

Before JONES and MILBURN, Circuit Judges; and RUBIN, Chief District Judge.*

MILBURN, Circuit Judge.

Petitioner NLRB seeks enforcement of its order that respondent International

---

* Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

Health Care Management, Inc., d/b/a Cambridge West, Inc. ("Cambridge West"), bargain with Local 79 of the Service Employees International Union, AFL–CIO ("Union"), and otherwise cease and desist from unfair labor practice in violation of section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5). Cambridge West opposes enforcement raising improper certification as a defense. For the reasons that follow, we enforce the Board's order.

### I.

### A.

On June 19, 1987, the Union filed a representation petition with the Board's Detroit Regional Office seeking certification as collective bargaining representative of a unit composed of the registered nurses ("RNs") and licensed practical nurses ("LPNs") employed by Cambridge West. Cambridge West opposed the petition on the basis that the RNs and LPNs were supervisors within the meaning of section 2(11) of the Act, 29 U.S.C. § 152(11), and, therefore, were not eligible for union representation.[1]

After a hearing, the regional director issued a decision on August 17, 1987, in which he found that the RNs and LPNs were employees and not supervisors. Accordingly, he directed an election. He also informed Cambridge West that under section 102.67 of the Board's Rules and Regulations,[2] review of his decision could be had

through the National Labor Relations Board in Washington, D. C., but only if the request was received in Washington by August 31, 1987.

The election was held on September 18, 1987, and the nurses voted to be represented by the union. Cambridge West did not file a request for review with the Board in Washington; however, on September 25, 1987, Cambridge West filed an "Objection to Election and/or Motion for Reconsideration of Decision and Direction of Election" with the regional director. Cambridge West argued that the director's decision of August 17 was erroneous because the RNs and LPNs were, in fact, supervisors under our decision in *NLRB v. Beacon Light Christian Nursing Home*, 825 F.2d 1076 (6th Cir.1987).[3] Trying to excuse its untimeliness, Cambridge West asserted that it did not become aware of *Beacon Light* until the day after the election was held.

On October 1, 1987, the director issued a "Supplemental Decision and Certification of Representative" in which he rejected the objections, denied the motion for reconsideration, and certified that for purposes of collective bargaining, the Union was the exclusive representative of the RNs and LPNs employed by Cambridge West. The director rejected the objections as an improper attempt to "relitigate unit issues already fully considered." He denied the motion for reconsideration as untimely un-

---

1. The Act specifically excludes supervisors from representation. 29 U.S.C. § 152(3). By definition

   [t]he term "supervisor" means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly direct them, ... if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

   29 U.S.C. § 152(11).

2. 29 C.F.R. 102.67 (1989) provides in pertinent part:

   (b) A decision by the regional director upon the record shall set forth his findings, conclusions, and order or direction. The decision of the regional director shall be final: *Provided, however,* That within 14 days after service

thereof any party may file a request for review with the Board in Washington, D.C. ...

   &ast; &ast; &ast; &ast; &ast; &ast;

   (f) The parties may, at anytime, waive their right to request review. Failure to request review shall preclude such parties from relitigating, in any related subsequent unfair labor practice proceeding, any issue which was, or could have been, raised in the representation proceeding. Denial of a request for review shall constitute an affirmance of the regional director's action which shall also preclude relitigating any such issues in any related subsequent unfair labor practice proceeding.

3. In *Beacon Light* we reversed, as not supported by substantial evidence, the Board's finding that the LPNs employed by the Beacon Light Christian Nursing Home were employees rather than supervisors. *Id.* at 1079–80. We decided *Beacon Light* on August 7, 1987.

der "Section 102.67 of the Board's Rules and Regulations."

On October 14, 1987, Cambridge West finally sought review by the Board. Cambridge West asserted the same grounds as it relied upon in its earlier objections to the regional director. On November 25, 1987, a three-member panel of the Board issued an order denying Cambridge West's request for review "as it raise[d] no substantial issues warranting review."

### B.

On March 18, 1988, the Union filed an unfair labor practice charge against Cambridge West alleging that "[s]ince on or about January 27, 1988, and continuing to date, the employer has refused to bargain in good faith with the Union." On April 20, 1988, the regional director for Region 7 of the NLRB issued a complaint and notice of hearing alleging that Cambridge West's refusal to bargain was a violation of section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5). Cambridge West filed an answer and amended answer, the gist of which was to admit its refusal to bargain but to deny that the Union had been properly certified.

On May 25, 1988, counsel for the General Counsel of the NLRB moved to transfer the case to the Board in Washington, D.C., and for summary judgment. On June 7, 1988, the Board issued an order transferring the proceeding to itself in Washington, D. C., and a notice to show cause why summary judgment should not be granted.

In a response dated June 20, 1988, Cambridge West maintained that summary judgment was not appropriate as there was an issue of material fact as to whether the RNs and LPNs were properly certified as a bargaining unit. On August 31, 1988, the Board issued a decision and an order in which it granted summary judgment in favor of the General Counsel. Regarding Cambridge West's argument that the RNs and LPNs did not constitute a representable class, the Board held that "all representation issues raised by the [employer] were or could have been litigated in the prior

representation proceeding." The Board ordered Cambridge West to bargain with the union and otherwise cease and desist from unfair labor practices. The Board timely seeks enforcement of its order, and Cambridge West raises improper certification as a defense.

The principal issue presented in this appeal is whether or not Cambridge West waived its right to challenge the regional director's finding that the RNs and LPNs were employees rather than supervisors by failing to timely seek review by the Board of the regional director's August 17, 1987, decision.[4]

### II.

■ It appears to be well settled law in this circuit and several others that a reviewing court will not hear, in an unfair labor practice proceeding, an employer's arguments that he refused to bargain with a board-certified collective bargaining representative on the ground that the representative was erroneously certified where the employer failed to timely avail himself of the administrative remedy of seeking review of the certification with the NLRB. *Keco Industries, Inc. v. NLRB*, 458 F.2d 1356, 1357 (6th Cir.1972) ("failure to seek review of the Regional Director's Supplemental Decision and Certification of Representative precludes judicial review of that determination"); *MPC Cash–Way Lumber Co. v. NLRB*, 452 F.2d 1197, 1198 (6th Cir.1971) ("failure to seek a preelection review of the Board's unit placement determination precludes judicial review of that determination"); *NLRB v. Rod–Ric Corp.*, 428 F.2d 948, 950 (5th Cir.1970), *cert. denied*, 401 U.S. 937, 91 S.Ct. 922, 28 L.Ed.2d 216 (1971); *NLRB v. Louisiana Indus., Inc.*, 414 F.2d 227, 228 (5th Cir.1969) (per curiam), *cert. denied*, 396 U.S. 1039, 90 S.Ct. 686, 24 L.Ed.2d 683 (1970) ("The employer's failure to appeal the ruling of the Regional Director prior to an election was a waiver of this point, and he may not raise the same issue as a defense to an unfair

---

**4.** Since we find waiver, we do not reach the merits of Cambridge West's argument that *Bea-*

*con Light* compels a finding that the RNs and LPNs were supervisors.

labor practice charge arising from his refusal to bargain with the successful union."); *NLRB v. Thompson Transport Co.,* 406 F.2d 698, 701–02 (10th Cir.1969) ("Company's failure to exhaust administrative procedures [by appealing to the Board the director's disposition of challenged ballots] precludes review of that issue in this court."); *NLRB v. Rexall Chem. Co.,* 370 F.2d 363, 365 (1st Cir.1967) ("We think judicial review of the [employer's] grounds for refusing to bargain with the Union is precluded by its failure to exhaust an available administrative remedy, [*i.e.,* appeal to the Board]."); *NLRB v. Delsea Iron Works, Inc.,* 334 F.2d 67, 71 (3d Cir.1964) (since employer had notice that it could have appealed regional director's granting of an election but did not, it "must be deemed to have relinquished any right it might have had to object to the ... procedure.").

As our cases of *Keco* and *Cash–Way* recite very few facts, it is difficult, if not impossible, to perform a factual comparison. However, both *Keco* and *Cash–Way* relied upon *NLRB v. Rod–Ric Corp.,* 428 F.2d 948 (5th Cir.1970), which is, in principle, indistinguishable from this case. In *Rod–Ric,* the Regional Director had issued a "Decision and Direction of Election" in which he used a formula to select the eligible voters. The employer, Rod–Ric, did not challenge the Decision and Direction of Election. *Id.* at 949–50. An election was held, and the union won. Rod–Ric filed eighteen objections which were overruled by the Regional Director in a "Supplemental Decision and Certification." One of the eighteen objections concerned the formula used for computing eligible voters. Rod–Ric sought review by the Board of the overruling of that specific objection. *Id.* at 950.

Following certification, Rod–Ric refused to bargain, and unfair labor practice charges followed. *Id.* A trial examiner granted judgment on the pleadings, and the Board affirmed. Specifically, the Board held that Rod–Ric had waived its right to argue that the formula caused improper certification by its failure to seek review of the "Decision and Direction of Election"

(wherein the formula was first determined) pursuant to section 102.67 of the Board's Rules and Regulations. The Fifth Circuit agreed. *Id.* at 950–51.

Cambridge West tries to avoid the result compelled by the above cases by reliance upon *NLRB v. United States Postal Service,* 833 F.2d 1195 (6th Cir.1987). In effect, Cambridge West is arguing that its untimeliness should be excused because the Board was "apprised" of the issue. At the outset, we note that *Postal Service* addressed the issue of jurisdiction. *Rod–Ric* was not founded upon a lack of jurisdiction but upon considerations of fairness and orderly procedure. *See* 428 F.2d at 951. As the Supreme Court stated in *United States v. L. A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952):

> Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

*Id.* Thus, we may find waiver by untimeliness though technically we have jurisdiction.

In *Postal Service,* an ALJ had heard an unfair labor charge and determined that the charged parties had *not* committed an unfair labor practice. 833 F.2d at 1197. The Board reversed the ALJ. *Id.* On appeal, General Counsel maintained

> that although, [the charged parties had] raised the ... argument to the ALJ, they failed to preserve it for review by this Court by raising it before the Board through cross-exceptions. General Counsel argue[d] that the filing of exceptions and cross-exceptions [was] the only means by which an objection [could] be "urged before the Board" sufficiently to preserve it for judicial review.

*Id.* at 1202.

We rejected the General Counsel's argument and held "that the issue ... *was* 'urged before the Board' and was a matter

'included in exceptions' and that in reaching its decision the Board necessarily took into consideration the [issue]." *Id.* Thus, *Postal Service* stands, at most, for the proposition that we are not deprived of jurisdiction to hear a review from the Board by a party's technical failure to file cross-exceptions with the Board where those exceptions were in fact "urged before the Board" and considered by the Board in its determination. There is nothing in *Postal Service* to suggest that a party may excuse his untimely presentation of an issue to the Board by arguing that his belated actions "apprise" the Board of the contested issues.

■ Cambridge West also seems to argue, on the strength of *Postal Service,* that even if the request for review was untimely, the issue should be addressed on appeal because the Board addressed the merits of Cambridge West's arguments. We are not convinced that the Board considered the substantive merits. In fact, the Board's statement that "all representation issues ... were or could have been litigated in the prior representation proceeding" indicates that it based its position upon the untimeliness of Cambridge West's challenge to the finding that the nurses were not supervisors. Thus, even if the *Postal Service* case could be read as Cambridge West suggests, reliance on that case would still be misplaced.

■ Cambridge West argues in its reply brief that

> [s]ince supervisors were expressly excluded from coverage under the Act by the Taft–Hartley Amendments of 1947 (29 U.S.C. § 152(3)), whether or not an employee is a "supervisor" within the meaning of 29 U.S.C. § 152(11) is a jurisdictional issue which *cannot* be waived.

Reply Brief of Respondent at 1 (emphasis in original).

Assuming, *arguendo,* that Cambridge West did not waive the argument by raising it for the first time in its reply brief,[5] the argument would still be defeated by the reasoning of *NLRB v. Ferraro's Bakery, Inc.,* 353 F.2d 366 (6th Cir.1965). In that case, driver-salesmen had worked for the respondent-employer under franchise contracts and truck purchase agreements. A trial examiner had determined that the relationship was one of employer/employee rather than principal/independent contractor and issued an order against the employer. *Id.* at 369. The employer filed exceptions to the trial examiner's order, but he was one week late in filing the exceptions. We stated:

> It is well established that a party who fails, in proceedings before the Board, to except in a timely or proper manner to a finding by the trial examiner, may not thereafter, in the absence of extraordinary circumstances, object to that finding before the Board or the reviewing court.

*Id.* at 367.

The employer argued that his drivers were really independent contractors, and, therefore, the court could still consider the question because it was determinative of whether the Board had jurisdiction. *Id.* at 368–69. We recognized that lack of subject matter jurisdiction was a matter which could not be waived, but concluded:

> Although the act exempts independent contractors from the statutory definition of "employee," it was within the jurisdiction of the Board to make a factual determination as to whether respondents driver-salesmen are employees or independent contractors. [Thus], the failure of respondent to file timely exceptions before the Board bars respondent from challenging in this court the finding that the driver-salesmen are employees, not independent contractors.

**5.** "It is impermissible to mention an issue for the first time in a reply brief, because the appellee then has no opportunity to respond." *Wright v. Holbrook,* 794 F.2d 1152, 1156 (6th Cir.1986) (quoting *Knighten v. Commissioner,* 702 F.2d 59, 60 n. 1 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983). Cambridge West claims to have filed a document with this court on March 1, 1989, in which it presented the jurisdiction argument. However, Cambridge West did not renew the argument in its brief to this panel. The Board addressed this argument out of caution, but Cambridge West's actions might have ambushed the Board.

*Id.* at 369 (citations omitted). Similarly, it was within the jurisdiction of the Board in this case to make a factual determination as to whether the nurses were employees or supervisors.

Another argument which Cambridge West overlooked in its brief and presented in its reply brief is the contention that exceptional circumstances justify review given conflict between the regional director's finding that the RNs and LPNs were not supervisors and this court's decision in *NLRB v. Beacon Light Christian Nursing Home*, 825 F.2d 1076 (6th Cir. 1987). Assuming, *arguendo*, that Cambridge West has not waived the argument and that *Beacon Light* is inconsistent with the regional director's finding, "[t]he courts of appeals have generally held that intervening decisional law that suggests to a party a new ground for objection to a Board order is not an extraordinary circumstance [that will excuse a party's untimeliness in making an objection]." *Szewczuga v. NLRB*, 686 F.2d 962, 971 (D.C.Cir.1982), *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 363 (1983); *see NLRB v. Aaron's Office Furniture Co.*, 825 F.2d 1167, 1170–73 (7th Cir.1987); *NLRB v. Newton–New Haven Co.*, 506 F.2d 1035, 1038 (2d Cir.1974); *NLRB v. Pinkerton's Nat'l Detective Agency*, 202 F.2d 230, 232–33 (9th Cir.1953); *see also NLRB v. Robin American Corp.*, 667 F.2d 1170, 1171 (5th Cir. Unit B 1982) (simple pronouncement of "new doctrine" would not constitute extraordinary circumstance but intervening Supreme Court decision that overruled previously controlling Fifth Circuit doctrine was extraordinary circumstance). Thus, Cambridge West cannot excuse its untimeliness on the ground of extraordinary circumstances.

### III.

Accordingly, for the reasons stated, the Board's petition for enforcement is GRANTED.