In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1838

National Labor Relations Board,

Petitioner,

v.

Somerville/1 Construction Company,

Respondent.


Petition for Summary Enforcement of an Order
of the National Labor Relations Board
25-CA-25276


Argued January 19, 2000--Decided March 8, 2000


Before Bauer, Cudahy, and Evans, Circuit Judges.

Bauer, Circuit Judge.  An administrative law judge determined that Somerville Construction Company ("Somerville") violated section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. sec. 158(a)(5), by refusing to abide by a collective bargaining agreement. Hearing no objections from Somerville, the National Labor Relations Board entered an order adopting the ALJ's decision with slight modifications. Although it never filed any exceptions to the ALJ's ruling, Somerville refused to comply with the order. The NLRB now petitions this court for summary enforcement of its order and Somerville has filed an opposition to the petition. Somerville's arguments are too late; we grant the petition and summarily enforce the NLRB's order.

I.  Background

Somerville is a sole proprietorship owned by Homer Somerville/2 that operates as a masonry contractor. Somerville employs approximately twenty workers and has its offices in Indianapolis, Indiana. During mid-summer 1995, the Trademark Construction Company solicited Somerville to bid for masonry work at a construction site in Portage, Indiana. After collecting bids, Trademark awarded the work to Somerville and the company began the project late that summer. Somerville had been on the job 30 to 45 days when two representatives of the

International Union of Bricklayers & Allied Craftsmen Local No. 4 of Indiana and Kentucky, Merrillville Chapter visited the Portage construction site and realized that the people performing the masonry work were not Union members. The Union's representatives then requested a meeting with officials of Trademark and Somerville.

On October 31, 1995, Homer Somerville met with Union representatives and an officer from Trademark. During the meeting, the Union's representatives said that they wanted Somerville to sign a collective bargaining agreement ("CBA") that the Union had with the Indiana Mason Contractors Statewide Association. Although he appears to have done so begrudgingly, Homer Somerville eventually signed a Memorandum of Agreement on behalf of his company in which the company "recognize[d] the Union as the sole and exclusive collective bargaining representative for and on behalf of the employees of [Somerville] now or hereinafter employed within the territorial or occupational jurisdictions of the Union." The Memorandum further stated:

The parties do hereby adopt the latest Agreement, and all approved amendments thereto, between the Union and the Indiana Statewide Association, and agree to be bound by all of the terms and conditions thereof for the duration of such Agreement and for the period of any subsequent extensions including any amendments which may be subsequently made and any subsequent Agreements.

The Union's Field Representative, Dale Johnsen, signed the Memorandum on the Union's behalf. Additionally, Homer Somerville and Johnsen also executed a document which memorialized Somerville's assent to participate in the Association's fringe benefits and apprenticeship training program.

Even though Homer Somerville signed the Memorandum, Somerville later refused to recognize the Union or honor the CBA between the Union and the Association. In response, the Union complained to the NLRB and the Regional Director in Indianapolis issued a Complaint and Notice of Hearing charging Somerville with unfair labor practices in violation of the National Labor Relations Act. Specifically, the Regional Director alleged that Somerville violated section 8(a)(5) of the NLRA, 29 U.S.C. sec. 158(a)(5), by refusing to abide by the CBA to which it became bound when Homer Somerville executed the Memorandum of Agreement. Somerville filed an Answer to the Complaint and a hearing was held before an NLRB administrative law judge. Following the hearing, the ALJ issued a decision

finding that Somerville had violated the NLRA as charged and recommended that the NLRB enter an appropriate remedial order.

The NLRB's General Counsel filed limited exceptions to the ALJ's finding and recommendation, but Somerville did not file any exceptions to the adverse ruling. After considering the General Counsel's exceptions, the NLRB issued an order adopting the ALJ's findings and recommendations with minor modifications. Since Somerville still refused to bargain with the Union or honor the CBA, the NLRB applied for summary enforcement of its order with this court. Somerville then filed an opposition to the NLRB's petition.

II.  Analysis

Somerville first challenges the NLRB's order on the basis that the NLRB never had subject matter jurisdiction over this case. The ALJ found subject matter jurisdiction because Somerville "annually performs services in excess of $50,000/3 in States other than Indiana." Somerville Constr. Co., 327 NLRB No. 99, slip op. at 2, 1999 WL 64716 at *2 (Jan. 29, 1999). Based on this finding, the ALJ concluded that Somerville was "an employer engaged in interstate commerce within the meaning of Section 2(2), (6), and (7) of the Act." Id.

Although Somerville never presented this argument to the NLRB, it now insists that the ALJ's jurisdictional conclusion is flawed because there were no facts in evidence to demonstrate that it annually engages in more than $50,000 in business outside the state of Indiana. To support this contention, Somerville points us to Homer Somerville's following testimony:

Q:  All right. And these employees are engaged in work in the State of Indiana are they not?
A:  Yes.
Q:  And they are, in fact they are all engaged in Bricklaying or Masonry work in the State of Indiana?
A:  Yes.
Q:  And they have been engaged in - - -
A:  Now sometimes we have gone out of State.
Q:  What percentage of your work would you say has been out of State?
A:  Very small, real small, I doubt if it is one (1%) percent.
Q:  All right. So ninety-nine (99%) percent of the time you have been working in Indiana?
A:  Right.
Q:  And your employees have been working in Indiana?
A:  Right.

While Somerville is correct that this testimony alone might not form an adequate basis for subject matter jurisdiction, these are not the only facts in the record that relate to the NLRB's jurisdiction. Specifically, paragraph 2(b) of the NLRB's Complaint and Notice of Hearing made the factual allegation that "[d]uring the twelve-month period ending March 31, 1997, [Somerville], in conducting its business operations . . . performed services valued in excess of $50,000.00 in states other than the State of Indiana." In its Answer to this allegation, Somerville stated, "Respondent admits the allegations contained in paragraph 2(b) of the Board's Complaint." And, most importantly, the ALJ expressly noted and relied on Somerville's admission in finding that subject matter jurisdiction was proper. See Somerville Constr. Co., 327 NLRB No. 99, slip op. at 2, 1999 WL 64716 at *2 ("The Respondent admits and I conclude that he is an employer engaged in interstate commerce within the meaning of Section 2(2), (6), and (7) of the Act.").

Section 10(e) of the NLRA provides in pertinent part:

No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless failure to urge such objection shall be excused because of extraordinary circumstances.

29 U.S.C. sec. 160(e). Based on this provision, we have consistently held that "a party which fails to raise an exception before the Board is jurisdictionally barred from raising that exception in an enforcement proceeding before the court of appeals." NLRB v. Howard Immel, Inc., 102 F.3d 948, 951 (7th Cir. 1996); NLRB v. Alwin Mfg. Co., Inc., 78 F.3d 1159, 1162 (7th Cir. 1996).

However, because a party never waives the right to contest subject matter jurisdiction, the NLRB's assertion of jurisdiction over a particular case requires a slightly different analysis. See Polynesian Cultural Center, Inc. v. NLRB, 582 F.2d 467, 472 (9th Cir. 1978). Therefore, when considering challenges to subject matter jurisdiction not presented to the NLRB, courts uniformly hold that while "the Board's statutory jurisdiction may be raised at any time, the facts upon which the Board determines it has jurisdiction may be challenged only upon timely exception." NLRB v. Konig, 79 F.3d 354, 360 (3d Cir. 1996); NLRB v. International Health Care, Inc., 898 F.2d 501, 506-07 (6th Cir. 1990); The Red Cross Drug Co. v. NLRB, 419 F.2d 1245, 1248

(7th Cir. 1969); NLRB v. Ferraro's Bakery, Inc.,
353 F.2d 366, 369 (6th Cir. 1965); NLRB v. Peyton
Fritton Stores, Inc., 336 F.2d 769, 770 (10th
Cir. 1964) (per curiam); NLRB v. Community Motor
Bus Co., Inc., 335 F.2d 120, 121 (4th Cir. 1964);
NLRB v. Associated Musicians of Greater New York,
Local 802, 226 F.2d 900, 907 (2d Cir. 1955).

In this case, Somerville admitted in its Answer
that "[d]uring the twelve-month period ending
March 31, 1997, [Somerville], in conducting its
business operations . . . performed services
valued in excess of $50,000.00 in states other
than the State of Indiana." Because the ALJ
clearly relied upon this specific admission and
these particular facts when determining whether
NLRB jurisdiction was proper, Somerville could
only challenge this finding by filing an
exception to the ALJ's decision with the NLRB.
Somerville, however, failed to file any
exceptions with the NLRB. Since Somerville never
contested these facts before the NLRB, Somerville
is now barred from disputing the accuracy of
these factual findings. Because it is now unable
to alter the factual basis for the ALJ's
conclusion, Somerville cannot escape the NLRB's
jurisdiction. Additionally, Somerville does not
allege the existence of any "extraordinary
circumstances" that would allow us to consider
this argument for the first time. We therefore
reject Somerville's contention that the NLRB
lacked jurisdiction.

Somerville also contests the sufficiency of the
evidence supporting the ALJ's conclusion that
Homer Somerville agreed to bind his company to
the CBA when he signed the Memorandum of
Agreement. However, like the jurisdictional
argument, Somerville never filed any exceptions
with the NLRB concerning the ALJ's finding on
this point. Because Somerville fails to identify
any "extraordinary circumstances" that caused its
omission, this argument is clearly barred by
section 10(e) of the NLRA, 29 U.S.C. sec. 160(e).
See Howard Immel, Inc., 102 F.3d at 951; NLRB v.
Dominick's Finer Foods, Inc., 28 F.3d 678, 685
(7th Cir. 1994).


III. Conclusion

Because Somerville never presented its arguments
to the NLRB, it is barred from making them for
the first time in this court. We therefore grant
the NLRB's petition and summarily enforce the
NLRB's order.


/1 In its brief to this court and its reported

decision on this case, the NLRB spells the name "Sommerville" with two m's. In contrast, the company and its owner, Homer Somerville, spell "Somerville" with only one m. We presume that Mr. Somerville and his attorneys spell his name correctly.

/2 To prevent any possible confusion between the individual Homer Somerville and the business entity Somerville Construction Company, we will refer to the company as "Somerville" and will always refer to the individual Homer Somerville by using his entire name.

/3 The $50,000 jurisdictional threshold is a limit imposed by NLRB rule rather than a congressional mandate found in the NLRA. See Blankenship and Assocs. v. NLRB, 999 F.2d 248, 250 (7th Cir. 1993) ("the Board has adopted a rule that it will not assert jurisdiction over nonretail enterprises . . . unless they have annual sales of at least $50,000 to firms engaged in interstate commerce"); NLRB v. George J. Roberts & Sons, Inc., 451 F.2d 941, 944 (2d Cir. 1971) ("the Board has, for practical purposes, restricted its jurisdiction, in the case of nonretail establishments, to those enterprises which have an interstate inflow of materials in excess of $50,000 annually.").