**NATIONAL LABOR RELATIONS BOARD, Petitioner/Cross–Respondent,**

and

Service Employees International Union, District 1199II and District 1199P, AFL–CIO, CLC, Intervening Petitioner,

v.

**BEVERLY CALIFORNIA CORPORATION, formerly known as Beverly Enterprises, its operating divisions, regions, wholly-owned subsidiaries and individual facilities and each of them, Respondent/Cross–Petitioner.**

Nos. 01–3197, 01–3289.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 4, 2001.

Decided Nov. 20, 2001.

Before WOOD, Jr., KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

In 1998, the National Labor Relations Board found that Beverly California Corporation, an operator of nursing homes throughout the United States, committed numerous violations of the National Labor Relations Act at a number of its facilities. As a remedy, the Board ordered Beverly, among other things, to post a company-wide cease-and-desist order listing forbidden activities and detailing unfair labor practices the Board had found at several local homes. The Board grounded its decision to order a company-wide remedy on its finding that Beverly was a single, integrated enterprise with a unified labor relations policy. Beverly petitioned for review. We enforced most of the remedies ordered by the Board, holding that the Board was "entitled to conclude that nothing less than a corporate-wide order would do the job of correcting the proclivity [Beverly] has shown for committing or tolerating unfair labor practices at a significant number of its facilities." But because the specific language of the company-wide order was problematic, we vacated and remanded for the Board to decide which parts of the order were properly directed to Beverly as a whole and which to individual facilities. See *Beverly California Corp. v. NLRB*, 227 F.3d 817, 847 (7th Cir.2000), *cert denied*, —— U.S. ——, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001).

Following our remand, the Board's General Counsel drafted a new company-wide cease-and-desist order consistent with our opinion, and the Board invited Beverly and the intervening union to submit position papers. Beverly acknowledged its agreement with the language of the proposed order, but objected on the ground that the Board lacked the remedial authority to order posting at facilities where no unfair labor practices occurred. Observing that Beverly's arguments were essentially the same ones made on appeal to this court and in Beverly's unsuccessful petition for a writ of certiorari, the Board ordered the new cease-and-desist order posted at all of Beverly's facilities. See *Beverly California Corp.*, 334 N.L.R.B. No. 79 (2001). The Board filed an application for enforcement of its order, and Beverly filed a new petition for review.

Based on Beverly's concessions on remand, the Board requests summary entry of judgment and enforcement of its order, arguing that Beverly has no legitimate basis for appeal because it raised no arguments not already decided by this court in Beverly's petition for review from the 1998 orders. We agree. In its answer to the Board's application for enforcement of the reformed order, Beverly states that it

does not challenge the Board's compliance with this Court's instructions regarding the cease-and-desist order. However, Beverly does challenge the Board's decision to extend the notice-

posting requirement beyond the limited number of nursing homes at which unfair labor practices occurred and at which, therefore, a notice may be thought necessary in order to remedy particular violations found by the Board.

Beverly goes on to reiterate its belief that "no corporate-wide relief should have been ordered," although it concedes in a following footnote that this issue "has been decided by this Court, 227 F.3d 817, and will not be reargued...." Our decision that the Board acted within its discretion in ordering company-wide relief became the law of the case governing subsequent proceedings, including future appeals. *Vidimos, Inc. v. Wysong Laser Co., Inc.*, 179 F.3d 1063, 1065–66 (7th Cir.1999). Since Beverly conceded that the new language of the company-wide order is proper and raised no other issues before the Board on remand, and the Board's new company-wide order meets the concerns we articulated in our earlier opinion, we believe this appeal is frivolous and summary disposition is appropriate. See *NLRB v. Somerville Construction Co.*, 206 F.3d 752, 755–56 (7th Cir.2000).

Accordingly, the National Labor Relations Board's application for summary entry of judgment enforcing its order is GRANTED, and the Board's order is summarily ENFORCED.